**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JERRY REHRER,

               Plaintiff,

        v.

GEORGE ATIYEH, et al.,

               Defendants.

Civil Action No. 14-8031 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

     This matter comes before the Court on Defendant Robert K. Varano's ("Varano") motion to dismiss Plaintiff Jerry Rehrer's ("Plaintiff") Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). (ECF No. 4.) Plaintiff has opposed the motion (ECF No. 5), and Varano has replied (ECF No. 6). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court grants Varano's motion to dismiss.

**I.**     **Background**

     Plaintiff brings suit against Varano asserting claims for breach of fiduciary duty and fraudulent inducement. Plaintiff brings separate claims against George Atiyeh ("Atiyeh") (collectively, with Varano, "Defendants"),[1] individually and doing business as Northeast

---

[1] A third defendant, Harry Brill, was voluntarily dismissed from the action on April 14, 2015. (ECF No. 19-1.)

Apartments, LLC, House Flex, LLC, and Garage Flex, LLC (collectively, "Northeast")[2] for breach of contract and covenant of good faith and fair dealing, unjust enrichment, tortious inference with contract, and fraudulent inducement. (Compl. ¶¶ 8-13, ECF No. 4-5.) Plaintiff alleges that Atiyeh and Brill met Plaintiff at his home in Point Pleasant, New Jersey to discuss Plaintiff's acquisition of Brill's fifty-percent ownership stake in Northeast. (*Id.* ¶¶ 16-18.) After some negotiation, Plaintiff agreed to buy out Brill's ownership stake. (*Id.* ¶ 21.) Plaintiff and Atiyeh visited Varano's principal place of business in Mount Carmel, Pennsylvania to hire Varano to draft the contract reflecting Plaintiff's ownership in Northeast.[3] (Compl. ¶¶ 22, 33, ECF No. 4-6.) Plaintiff alleges that Varano breached a fiduciary duty when Varano failed to disclose his knowledge of several pending lawsuits against Atiyeh and Northeast. (*Id.* ¶¶ 48, 59.) Plaintiff further alleges that, because of Varano's breach of fiduciary duty, Plaintiff was defrauded of funds and proceeds paid to Northeast. (*Id.*)

## II.    Legal Standard

A motion to dismiss for lack of personal jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(2). The plaintiff has the burden to prove facts sufficient to establish personal jurisdiction by a preponderance of the evidence. *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992). In deciding a Rule 12(b)(2) motion to dismiss, "a court is required to accept plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003). Once a defendant raises a jurisdictional defense, "the plaintiff bears the burden of establishing with reasonable particularity

---

[2] These companies are Pennsylvania limited liability companies used to purchase numerous investment rental properties and assets in Pennsylvania. (Compl. ¶ 2.)

[3] The contract between Plaintiff and Atiyeh was signed on June 5, 2013, in Mount Carmel, Pennsylvania. (Decl. of Robert K. Varano, Esq. ("Varano Decl."), ECF No. 4-6.)

sufficient contacts between the defendant and the forum state to support jurisdiction." *Provident Nat. Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987) (citing *Gehling v. St. George's Sch. of Med., Ltd.*, 773 F.2d 539, 542 (3d Cir. 1985)). A plaintiff "must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence; reliance on the bare pleadings is not enough." *Patterson by Patterson v. F.B.I.*, 893 F.2d 595, 604 (3d Cir. 1990). "Once the plaintiff has shown minimum contacts, the burden shifts to the defendant, who must show that the assertion of jurisdiction would be unreasonable." *Ameripay, LLC v. Ameripay Payroll, Ltd.*, 334 F. Supp. 2d 629, 632 (D.N.J. 2004) (citing *Mellon Bank (East) PSFS v. Farino*, 960 F.2d 1217, 1226 (3d Cir. 1992)).

## III.   **Analysis**

A district court is authorized to "assert personal jurisdiction over a non-resident to the extent permissible under the law of the state where the district court sits." *Messalic v. Fiberfloat Corp.*, 897 F.2d 696, 698 (3d Cir. 1990) (citing Fed. R. Civ. P. 4(e)). New Jersey's long-arm statute permits jurisdiction "coextensive with due process requirements of the United States Constitution." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004).

Personal jurisdiction over a nonresident defendant may be asserted under two theories of jurisdiction: general or specific. *See Dollar Sav. Bank v. First Sec. Bank of Utah, N.A.*, 746 F.2d 208, 211 (3d Cir. 1984). Here, the Court's inquiry is limited to specific jurisdiction because Plaintiff has not alleged that nonresident Varano's contacts with the forum are so "continuous and systematic" to give rise to general jurisdiction.[4] *See Provident Nat. Bank*, 819 F.2d at 437. "Specific jurisdiction is established when a nonresident defendant has 'purposefully directed' his

---

[4] It is undisputed that at the time of service that Varano was a citizen of the Commonwealth of Pennsylvania and was served therein.

activities at a resident of the forum and the injury arises from or is related to those activities." *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). In other terms, "[s]pecific jurisdiction exists only where the defendant has sufficient minimum contacts with the forum state that it 'should reasonably anticipate being haled into court there.'" *Mellon Bank (East) PSFS, N.A. v. DiVeronica Bros., Inc.*, 983 F.2d 551, 554 (3d Cir. 1993) (quoting *WorldWide Volkswagen Corp. v. Woodson*, 44 U.S. 286, 297 (1980)). "So long as it creates a 'substantial connection' with the forum, even a single act can support jurisdiction," and "territorial presence frequently will enhance a potential defendant's affiliation with a State and reinforce the reasonable foreseeability of suit there." *Rudzewicz*, 471 U.S. at 475 n.18, 476 (quoting *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957)); *see also Deutz AG*, 270 F.3d at 150 ("Specific jurisdiction frequently depends on physical contacts with the forum. Actual presence during pre-contractual negotiations, performance, and resolution of post-contract difficulties is generally factored into the jurisdictional determination."). Because the existence of specific jurisdiction depends on a link between the defendant's activity and the resulting harm, specific jurisdiction is necessarily claim- and defendant-specific. *Arlandson v. Hartz Mountain Corp.*, 792 F. Supp. 2d 691, 698 (D.N.J. 2011).

Once minimum contacts have been established, the Court must ensure that its jurisdiction "comport[s] with 'fair play and substantial justice.'" *Rudzewicz*, 471 U.S. at 476 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Considerations include "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *Id.* at 476-77 (internal quotation marks omitted).

4

However, in order to defeat jurisdiction otherwise supported by substantial and targeted contacts, these factors "must present a compelling case . . . render[ing] jurisdiction unreasonable." *Id.* at 477.

In this case, Plaintiff has not satisfied the Court that Varano has sufficient minimum contacts to satisfy its exercise of specific personal jurisdiction over him. Plaintiff and Atiyeh unilaterally approached Varano at his principal place of business in Mount Carmel, Pennsylvania to draft their contract. (Compl. ¶¶ 22, 33.) Varano never met with Plaintiff in New Jersey, (Varano Decl., Ex. 6.), and Plaintiff has not shown that Varano has any ties to New Jersey. In addition, the contract that Varano drafted for Plaintiff and Atiyeh pertained solely to property within the Commonwealth of Pennsylvania. (*Id.*) Plaintiff has also failed to provide any sworn affidavits or competent evidence with his complaint or opposition to establish that Varano had sufficient contacts with New Jersey. In his opposition, Plaintiff argues that the Court has personal jurisdiction over Varano because Brill and Atiyeh met Plaintiff at his home in Point Pleasant, New Jersey on multiple occasions to discuss the contract in dispute. (Pl.'s Opp'n Br. 3) Plaintiff, however, failed to provide any other support for this Court to exercise specific personal jurisdiction over Varano. Plaintiff's support for the exercise of specific personal jurisdiction over Atiyeh and Brill is not sufficient to support the exercise of specific personal jurisdiction over Varano. Accordingly, Plaintiff failed to satisfy his burden of proof. Therefore, the Court grants Varano's motion to dismiss for lack of personal jurisdiction.

IV.   **Conclusion**

For the above reasons, the Court grants Varano's motion to dismiss. An order reflecting this decision accompanies this Memorandum Opinion.


                                        s/ Michael A. Shipp
                                        **MICHAEL A. SHIPP**
                                        **UNITED STATES DISTRICT JUDGE**

Date:   September 25, 2015